UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 5:24-cr-109-TPB-PRL

MULLER VEDRINE,

    Defendant.
_____/

## ORDER DENYING "DEFENDANT'S MOTION TO DISMISS INDICTMENT BASED ON SELECTIVE PROSECUTION"

This matter is before the Court on "Defendant's Motion to Dismiss Indictment Based on Selective Prosecution," filed by counsel on October 7, 2024. (Doc. 20). On October 21, 2024, the United States filed a response in opposition. (Doc. 23). Upon review of the motion, response, court file, and the record, the Court finds as follows:

## Background

Defendant Muller Vedrine is an African-American federal inmate housed at FCC Coleman. On March 10, 2024, at approximately 9:15 pm, correctional officers attempted to search his cell. Correctional Officer A.G. told Defendant to stand up and submit to a pat-down search. While he was standing, another correctional officer observed a cell phone in Defendant's right hand, which he was trying to conceal in his waistband. Correctional Officer A.G. ordered Defendant to show the officers his hands. Defendant responded, "Fuck you. I ain't showing you shit." He then clenched his first and said, "Fuck you motherfuckers."

As the correctional officers reached for Defendant's arms, Defendant quickly swung his left arm and struck Correctional Officer A.G. in the chest with a closed first.

He repeated, "Fuck you.  You ain't getting shit."  Defendant then started hitting the cell phone to break it.  The officers placed Defendant on the ground, but Defendant continued to be combative, kicking and spitting at the officers.  Defendant was placed in hand and leg restraints.

While moving Defendant to the Special Housing Unit after his combative behavior, the Bureau of Prisons ("BOP") collected legal paperwork for Defendant that was located within his cell.  Included in the paperwork was a white folded piece of paper that contained an orange film-like substance.  The films were sent to the FBI laboratory.  The technician analyzing the films determined that they contained buprenorphine and naloxone, which are components of sublingual films.  Buprenorphine is a Schedule III controlled substance.

Based on this incident, Defendant was charged in a two-count indictment with assaulting, resisting, or impeding certain officers or employees (Count One) and possession of contraband in prison (Count Two).   In the instant motion, Defendant seeks to dismiss the indictment on grounds of selective prosecution.  He alleges generally that in Coleman prison, "white inmates who are found with contraband like cell phone and/or buprenorphine are not charged with federal offenses."  He contends that the instant prosecution is impermissibly based on race.

## Analysis

Prosecutors are granted "broad discretion" in enforcing the United States Criminal Code.  *United States v. Armstrong*, 517 U.S. 456, 464 (1996).  This judicial deference is based in part "on an assessment of the relative competence of prosecutors and the court" and "from a concern not to unnecessarily impair the performance of a

core executive constitutional function." *Id*. at 465.  After all, "[e]xamining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decision making to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." *Id*.  To that end, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [her] discretion." *Id*. at 464.

Of course, a prosecutor is still subject to constitutional constraints, including that imposed by the equal protection component of the Due Process Clause of the Fifth Amendment. *Id*.  Thus, "the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id*. (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)); *see also United States v. Valles*, No. 22-10069, 2023 WL 119421, at *2 (11th Cir. 2023).  When a defendant asserts a selective prosecution claim, he bears a "demanding burden" and must show – by *clear evidence* – that "the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id*. (citing *United States v. Smith*, 231 F.3d 800, 807-08 (11th Cir. 2000)).  One manner of doing so requires the defendant to show that "'similarly situated individuals' outside of the defendant's constitutionally-protected classification were not prosecuted" for the same type of conduct.  *See id.* (citing *United States v. Jordan*, 635 F.3d 1181, 1188 (11th Cir. 2011)).

Defendant has failed to meet that heavy burden here.  Although Defendant generally alleges that "white inmates who are found with contraband like cell phones

and/or buprenorphine are not charged with federal offenses" and are "treated differently," he has completely failed to identify any similarly situated individuals or different treatment. He has not produced any evidence that similarly situated individuals of a different race were not prosecuted for the same conduct, and he therefore cannot establish that this case was motivated by a discriminatory purpose.[1] The motion is therefore **DENIED**.

**DONE** and **ORDERED** in Chambers, in Ocala, Florida, this 25th day of October, 2024.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Defendant was not only charged with possession of contraband – he was also charged with assault on a BOP employee after punching a correctional officer during the search of Defendant's cell.